UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ANGELINA PALMA, as Administrator of the :
Estate of Felice Palma aka Felix Palma, :
                                Plaintiff, :
v. : **ORDER**
:
CABRINI OF WESTCHESTER, doing business : 22 CV 5430 (VB)
as St. Cabrini Nursing Home; ABC :
CORPORATION; and ABC PARTNERSHIP, :
                              Defendants. :
--------------------------------------------------------------x

      By Opinion and Order dated August 15, 2022, the Court remanded this case to Supreme Court, Westchester County. (Doc. #12 (the "Remand Order")). On the same day, the Clerk mailed a certified copy of the Remand Order to the state court.[1]

      On August 17, 2022, pursuant to Fed. R. Civ. P. 62(a), defendant moved for a thirty-day automatic stay of the execution of the Remand Order to give defendant an opportunity to file a notice of appeal. (Doc. #13).

      On August 23, 2022, plaintiff opposed defendant's motion and sought an award of costs, expenses, and attorney's fees pursuant to 28 U.S.C. § 1447(c). (Doc. #15).

      For the following reasons, defendant's motion for a limited stay is GRANTED and plaintiff's request for attorney's fees and costs is DENIED.

      Because the Remand Order "remand[s] a case to the State court from which it was removed pursuant to [the federal officer removal statute,] section 1442," the Remand Order is reviewable by appeal. 28 U.S.C. § 1447(d); see also BP P.L.C. v. Mayor & City Council of Baltimore, 141 S. Ct. 1532, 1538 (2021) (entire remand order reviewable on appeal when removal premised on federal officer removal statute). Thus, the Remand Order is "an[] order from which an appeal lies," and therefore is a "judgment" subject to the thirty-day stay under Rule 62(a). See Fed. R. Civ. P. 54(a). The Court is highly dubious defendant could demonstrate that a permanent stay pending appeal is warranted in this case; however, the Court in its discretion determines to grant this limited automatic stay to permit defendant to file a notice of appeal of the Remand Order.

      Although the Clerk executed the remand order before defendant filed the instant motion, the Court retains jurisdiction to address defendant's motion. See Fernandez v. Tyson Foods, Inc., 2021 WL 1257557, at *2 (N.D. Iowa Jan. 28, 2021) (court would have jurisdiction to address Rule 62(a) motion to stay during the thirty days following entry of appealable remand order); see also In re Digicon Marine, Inc., 966 F.2d 158, 161 (5th Cir. 1992) ("[W]here remand is reviewable on

---

[1]     The mailing was returned as undeliverable, and was re-mailed on August 19 and August 26, 2022.

1

appeal a district court has jurisdiction to review its own order, and vacate or reinstate that order.") (citation and internal quotation marks omitted).

With respect to plaintiff's request for attorney's fees and costs, although the Court "has jurisdiction to resolve a motion for fees and costs under § 1447(c) after a remand order has been issued," Bryant v. Britt, 420 F.3d 161, 165 (2d Cir. 2005), in an exercise of its discretion, the Court declines to award fees and costs here. First, although the basis for removal was contrary to the weight of authority in many recent non-binding circuit and district court decisions, the fact is there is no controlling authority from either the Supreme Court or the Second Circuit precluding removal under the circumstances of this case. Moreover, plaintiff did not seek fees and costs in its motion to remand, and first raised this issue only in response to defendant's motion for a stay.

Accordingly, the Clerk's previous execution of the Remand Order is vacated, and further execution of the Remand Order is stayed until September 14, 2022, for the sole purpose of permitting defendant to file a notice of appeal.

The Clerk is instructed to transmit a copy of this Order to Supreme Court, Westchester County.

The Clerk is further instructed to terminate the motion. (Doc. #13).

Dated: August 29, 2022
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge