UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ANGELINA PALMA, as Administrator of the
Estate of Felice Palma aka Felix Palma,
                                        Plaintiff,

v.

**ORDER**

22 CV 5430 (VB)

CABRINI OF WESTCHESTER, doing business
as St. Cabrini Nursing Home; ABC
CORPORATION; and ABC PARTNERSHIP,
                                        Defendants.
--------------------------------------------------------------x

       By Opinion and Order dated August 15, 2022, the Court remanded this case to Supreme Court, Westchester County. (Doc. #12 (the "Remand Order")). On the same day, the Clerk mailed a certified copy of the Remand Order to the state court.

       On August 17, 2022, defendant moved for a thirty-day automatic stay of the execution of the Remand Order to give defendant an opportunity to file a notice of appeal. (Doc. #13).

       On August 29, 2022, the Court GRANTED defendant's motion for a limited stay, vacated the Clerk's previous execution of the Remand Order, and stayed further execution of the Remand Order until September 14, 2022, for the sole purpose of permitting defendant to file a notice of appeal. (Doc. #16).

       Defendant filed a notice of appeal of the Remand Order on August 29, 2022 (Doc. #18). The limited stay expired on September 14, 2022, and on September 15, 2022, the Court instructed the Clerk to execute the Remand Order. (Doc. #19).

       On September 27, 2022, defendant moved for a permanent stay pending appeal. (Doc. #20). Plaintiff did not file a response.

       Defendant's motion is DENIED.

       Because the thirty-day automatic stay has expired, the Remand Order has been executed, and defendant has filed a notice of appeal, the Court lacks jurisdiction to address defendant's motion. See Buljic v. Tyson Foods, Inc., 2021 WL 7186065, at *2 (N.D. Iowa Jan. 28, 2021) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). That is, the Court has already remanded this action to continue in state court and has been divested of its jurisdiction over those aspects of this case involved in the appeal.

       The cases defendant relies on to argue that federal <u>district</u> courts "routinely stay remand orders" are circuit court cases. (Doc. #20 at 3–4). Moreover, all the district court orders cited by defendant in its motion papers are procedurally distinguishable because the district court in each

1

of those cases granted a stay pending appeal in the order remanding the case, prior to deciding a motion to remand, or prior to the expiration of the automatic limited stay. (Doc. #20 at 4).

Therefore, defendant has not identified, and the Court is not aware of, any controlling or persuasive authority supporting the conclusion that the Court retains jurisdiction to address defendant's motion.

In any event, even if defendant had filed its motion before the expiration of the limited stay—and thus, while the Court retained jurisdiction over this action—the Court remains highly dubious defendant could demonstrate that a permanent stay pending appeal is warranted. See Leroy v. Hume, 563 F. Supp. 3d 22 (E.D.N.Y. 2021).

Accordingly, defendant's motion to stay execution of the Remand Order pending appeal is DENIED.

Dated: October 14, 2022
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge